JORDAN, Circuit Judge,
dissenting in part.
The majority concludes that Johnson’s conviction for simple assault does not *222 qualify as a crime of violence under § 4B1.2(a) — and that he is therefore not a career offender under § 4B1.1 — because it is unclear whether he acted intentionally or recklessly in violating the Pennsylvania simple assault statute, 18 Pa. Cons.Stat. Ann. § 2701. I would hold that the charging document, i.e., the underlying criminal complaint associated with Johnson’s simple assault conviction, demonstrates that the state charged and was prosecuting Johnson for an intentional assault. The sentencing enhancement applied by the District Court is thus justified and I respectfully dissent from that portion of the opinion holding otherwise.
A conviction qualifies as a crime of violence under § 4B1.2(a) if it meets three requirements, two of which are expressly stated in the Guidelines and one of which arises through judicial interpretation. First, the Guidelines require that the crime be punishable by a term of imprisonment exceeding one year. U.S. Sentencing Guidelines Manual § 4B 1.2(a) (2007) [hereinafter “U.S.S.G.”]. Second, the crime must be either expressly enumerated in § 4B1.2(a)(2), or it must have “as an element the use, attempted use, or threatened use of physical force against the person of another.” Id. § 4B1.2(a)(l). Third, the Guidelines have been interpreted to require that the defendant commit the underlying crime with an intentional mens rea. See Begay v. United States, 553 U.S. 137, 147-48, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (concluding that a prior crime qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), only if the defendant committed it with an intentional mens rea); United States v. Johnson, 587 F.3d 203, 210-11 (3d Cir.2009) (applying the reasoning of Begay to the term “crime of violence” as used in § 4B1.2(a)).
The majority concludes that the simple assault committed by Johnson does not qualify as a crime of violence because a simple assault conviction may rest upon recklessness as well as intentional and knowing conduct. 18 Pa. Cons.Stat. Ann. § 2701(a)(1). My colleagues believe that we cannot discern whether the state’s basis for the assault charge was an intentional or reckless act by Johnson. They therefore conclude that his conviction does not fall within the scope of § 4B1.2.1 disagree.
As the majority observes, § 2701 criminalizes multiple forms of simple assault, only some of which implicate an intentional mental state. Therefore, we must follow the modified categorical approach to determine whether Johnson’s conviction constitutes a crime of violence under § 4B1.2. Johnson, 587 F.3d at 208 (stating that we employ the modified categorical approach when “a statute criminalizes different kinds of conduct, some of which would constitute crimes of violence while others would not”). Under that approach, we may examine “the nature of the conviction itself and those elements that the [fact-finder] necessarily found through an examination of judicial evidence.” Nijhawan v. Att’y Gen. of the U.S. 523 F.3d 387, 393 (3d Cir.2008). In undertaking that examination, we may consider “the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or ... some comparable judicial record of this information.” Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The modified categorical approach can only be used to identify those facts that form the essential basis of the defendant’s conviction; it does not permit delving into facts that were not necessary to establish the crime for which the defendant was ultimately convicted. Johnson, 587 F.3d at 208.
*223 The modified categorical approach can appropriately be used to determine whether Johnson committed the crime of simple assault with an intentional mental state. Cf. id. at 212-14 (recognizing that a Pennsylvania simple assault may be predicated upon either intentional or reckless conduct and remanding to the district court to identify the mental state with which the defendant acted). The criminal complaint from Johnson’s state court proceedings charged that he “knowingly, intentionally or recklessly caused/attempted to cause serious bodily injury to the complainant ... by repeatedly punching [the victim] in the face and head and striking him on the head with and [sic] unknown object, causing injury requiring medical treatment ... including 4 stitches in the back of his head.” (Supp.App. at 766.) Although the complaint does not expressly state a particular mens rea with which Johnson acted, it is clear that the beating Johnson administered was intentional and was the only conduct at issue. This is not an impermissible delving into facts extraneous to the conviction. It is rather a recognition of the sole basis of the charge and conviction.
Accordingly, I would apply the modified categorical approach to identify the mens rea supporting Johnson’s convictions, and, based on the criminal complaint, would agree with the District Court that he acted in an intentional manner when he violated § 2701. I thus believe that the District Court properly found that Johnson qualified as a career offender under § 4B1.1, and I would affirm the sentence the Court imposed. In all other respects, I join my colleagues in the thorough majority opinion in this case.